S:\FILES\5558_GMD V. NACIREMA\LEGAL+DISCOVERY\5558_REVISED COMPLAINT.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE 9890)
75 Maiden Lane, Suite 402
New York, New York  10038-4816
Tel.:  212-430-0800
Fax:   212-430-0810

**11 CIV 1631**

Attorneys for Plaintiff GMD SHIPYARD CORP.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| GMD SHIPYARD CORP., | |
| Plaintiff, | |
| - v. - | 11 Civ.    (   ) |
| NACIREMA ENVIRONMENTAL SERVICE COMPANY, INC., *in personam*, and the Barge BULLDOG, its equipment, tackle, appurtenances, *etc.*, *in rem*, | <u>VERIFIED COMPLAINT</u> |
| Defendants. | |

Plaintiff GMD Shipyard Corp. (hereinafter "GMD"), by and through its attorneys, Kennedy Lillis Schmidt & English, complaining of the defendants, alleges upon information and belief as follows:

1.  All and singular the following premises are true and constitute an Admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and an action on a maritime lien in accordance with Rule C of the Supple-

mental Rules for Admiralty and Maritime Claims, and this action falls within the Admiralty and maritime subject-matter jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333.

2.   At and during all times hereinafter mentioned, plaintiff GMD was and is a New York corporation with an office and place of business at Brooklyn Navy Yard Building No. 595, 63 Flushing Avenue, Unit #276, Brooklyn, New York.

3.   At and during all times hereinafter mentioned, plaintiff GMD operated a shipyard under the name "GMD Shipyard" in the Brooklyn Navy Yard, Brooklyn, New York.

4.   At and during all times hereinafter mentioned, defendant Nacirema Environmental Service Co., Inc. (hereinafter "NES") was and is a corporation or other legal entity organized and existing pursuant to the laws of the State of New Jersey with an office and place of business at 211-217 West 5th Street, Bayonne, New Jersey.

5.   At and during all relevant times, NES conducted and solicited business in the State of New York.

6.   At and during all relevant times, NES derived substantial revenue from services provided, and/or goods and products sold, in the State of New York.

7.   This Honorable Court has jurisdiction over the person of the defendants.

8.   At and during all times hereinafter mentioned, defendant NES was and is the operator, charterer, demise owner or beneficial owner of the Barge BULLDOG.

9.   The BULLDOG is a "Spud Barge" built in 1945, with principal dimensions 133 feet in length, 45 feet width, and 8 feet depth, and gross displacement of 240 tons.

10.   The Barge BULLDOG is now, or will be, within the Southern District of New York during the pendency of this action.

## AS AND FOR A FIRST CAUSE OF ACTION

11.   On or about October 19, 2010, the Barge BULLDOG was delivered by or on behalf of defendants to plaintiff GMD's shipyard at the Brooklyn Navy Yard.

12.   At the request of defendant NES, GMD thereafter accepted, stored and performed work on the Barge BULLDOG, pursuant to agreement, thereby providing benefit to the said barge and to defendants. A copy of defendant NES' Purchase Order No. 1996 dated October 28, 2010 for repair work on the BULLDOG is annexed hereto as "Exhibit A."

13. On or about November 5, 2010, GMD completed all agreed work on the Barge BULLDOG, and the vessel departed from GMD's shipyard at the Brooklyn Navy Yard.

14. On or about November 5, 2010, GMD presented its Final Invoice No. GMD-10-0146 for work performed by GMD on the Barge BULLDOG, in the amount of $133,049.80. A copy of GMD's November 5, 2010 Invoice for the Barge BULLDOG is annexed hereto as "Exhibit B."

15. GMD's Invoice for work on the Barge BULLDOG (Exhibit B) was counter-signed by defendant NES on November 5, 2010.

16. Defendant NES has not paid the $133,049.80 balance due and owing in respect of GMD's work on the Barge BULLDOG. *See*, Exhibit B, GMD Invoice No. GMD-10-0146 dated November 5, 2010.

17. Defendant NES has at no time disputed that the claimed charges were actually and properly accrued in respect of GMD's work on the Barge BULLDOG, and furthermore defendant NES has not disputed the amounts invoiced by GMD in respect of such charges.

18. Defendant NES countersigned GMD's Final Invoice for the work and repairs performed by GMD on the Barge BULLDOG (*see*, Exhibit B).

19. Despite promises, and despite repeated written demands therefor, defendant NES has not paid the charges incurred in respect of the repairs and work performed on the Barge BULLDOG.

20. By reason of the foregoing, GMD has been required to incur expenses associated with attempts to obtain payment from defendants for the charges lawfully due in respect of the Barge BULLDOG, including without limitation attorneys' fees and disbursements.

21. By reason of the foregoing, defendants are liable to GMD in the principal amount of $133,049.80, together with interest, attorneys' fees and disbursements, costs and expenses.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE BARGE BULLDOG *in rem* (Maritime Lien)

22. Plaintiff GMD repeats and realleges the matters stated in paragraphs 1 through 21 above with equal force and effect as if set forth herein at length.

23. Defendants authorized GMD to procure "necessaries" for the Barge BULLDOG by engaging plaintiff GMD to dock, store and perform repairs on the said vessel.

24. Plaintiff GMD did in fact provide "necessaries" to the BULLDOG, including without limitation wharfage, storage, fresh water and electrical services, and repairs. These services, repairs and expenses constitute "necessaries" provided to the BULLDOG pursuant to sections 31341 and 31342 of the Maritime Commercial Instruments and Liens Act of 1988, 46 U.S.C. §§ 31301-31343.

25. Under section 31342 of the Maritime Commercial Instruments and Liens Act of 1988, plaintiff GMD has a maritime lien against the defendant BULLDOG for the costs of all services and work provided to the said vessel by GMD, and the BULLDOG is liable *in rem* to GMD for all such costs.

AS AND FOR A THIRD CAUSE OF ACTION (*Quantum Meruit*)

26. Plaintiff GMD repeats and realleges the matters stated in paragraphs 1 through 25 above with equal force and effect as if set forth herein at length.

27. In receiving, docking and providing repairs and services to the BULLDOG, plaintiff GMD relied on an implied promise from defendants that defendants would pay the reasonable

cost of labor and materials furnished by GMD in respect of the said vessel.

28. Defendants are liable to plaintiff GMD under the doctrine of *quantum meruit* on defendants' implied promise to pay for the expenses of docking and providing repairs and services to the BULLDOG, in the principal amount of $133,049.80, together with interest, attorneys' fees and disbursements, costs and expenses.

WHEREFORE, plaintiff GMD Shipyard Corp. prays:

1. That process in due form of law issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. that judgment be entered in favor of plaintiff and against defendants for the amount of plaintiff's damages aforesaid, together with attorneys' fees, interest, costs, and disbursements;

3. that process in due form of law, according to the practice of this Court in causes of admiralty and maritime claims, issue against the BULLDOG, its tackle, equipment, appurtenances, *etc.*, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular

the matters aforesaid, and that this Court pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore, and

4. that this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York         KENNEDY LILLIS SCHMIDT & ENGLISH
       March 9, 2011              Attorneys for Plaintiff
                                  GMD SHIPYARD CORP.

                                  By: _____
                                      Craig S. English (CE 9890)
                                      75 Maiden Lane – Suite 402
                                      New York, New York  10038-4816
                                      Telephone:  212-430-0800

TO: Nacirema Environmental Service Co., Inc.
    211-217 West 5th Street
    Bayonne, NJ 07002-1102

TO: Sterling Equipment, Inc.,
    Owner of the Barge BULLDOG
    2877 Richmond Terrace
    Staten Island, NY 10303

VERIFICATION

STATE OF NEW YORK   )
                   )   ss.:
COUNTY OF NEW YORK )

CRAIG S. ENGLISH, being duly sworn, deposes and says:

I am an attorney-at-law and a Member of the Firm of Kennedy Lillis Schmidt & English, attorneys for plaintiff, GMD SHIPYARD CORP., in the within action. This verification is made by me and not by plaintiff because plaintiff is not within New York County, the county in which my office is located.

I have read the annexed Verified Complaint, know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
CRAIG S. ENGLISH

Sworn to before me this
9th day of March 2011

_____
Notary Public

MAREK MODZELEWSKI
Notary Public, State of New York
No. 01MO6186886
Qualified in New York County
Commission Expires May 12, 20__

9

# EXHIBIT A

NACIREMA ENVIRONMENTAL
SERVICE COMPANY INC.
211-217 WEST 5TH STREET
BAYONNE, NJ 07002

# Purchase Order

| Date | P.O. No. |
|---|---|
| 10/28/2010 | 1996 |

**Vendor**
GMD SHIPYARD CORP
Brooklyn Navy Yard
Bldg 595
Brooklyn, NY 11205

**Ship To**
NACIREMA ENVIRONMENTAL
211-217 WEST 5TH STREET
PO BOX 183
BAYONNE, NJ 07002

| Item | Description | Qty | Rate | Customer | Amount |
|---|---|---|---|---|---|
| Equipment Rep... | DRY DOCK AND REPAIR OF STERLING "BULLDOG" BARGE PER ESTIMATE DATED: 10/21/10 | 1 | 118,149.80 | 201838-Prisma... | 118,149.80 |

**Total** $118,149.80

Authorized Signature _____

Vendor Signature _____

EXHIBIT B



# GMD SHIPYARD CORP.

BROOKLYN NAVY YARD BLDG. #595
63 FLUSHING AVENUE, UNIT #276
BROOKLYN, NY 11205
TEL: (718) 260-9200
FAX: (718) 260-9284

**SOLD TO:**
NACIREMA ENVIRONMENTAL SERVICE CO., INC.
211-217 West 5th Street
Bayonne, NJ 07002

**DATE:** November 5, 2010
**INVOICE NO:** GMD-10-0146
**OUR ORDER NO.:**
**CUST. ORDER NO.:** 1996

## BULLDOG
### FINAL INVOICE

Furnished dry-docking and repairs to perform all work on the above referenced vessel. All work accomplished to the satisfaction of the attending Port Engineer.

Attached please find itemized spreadsheet.

TOTAL AMOUNT DUE... 133,049.80

**\*\*Please Remit:** One Hundred Thirty-Three Thousand Forty-Nine Dollars and 80/100
**\*\*Terms:** Due Upon Receipt

### Wire Transfer Information

JP Morgan Chase Bank
210 Flushing Avenue
Brooklyn, NY 11205

Account Number: 777711383
Route Number:  021 000 021

_____      _11/5/2010_____
NACIREMA ENVIRONMENTAL SERVICE CO., INC.      GMD SHIPYARD CORP.
Mark Ryan 11/05/10

| Vessel Name: | | Vessel Dimensions: | Length | Beam | | Depth | |
|---|---|---|---|---|---|---|---|
| DSB BULLDOG | | DD 10/17/2010 OFF DOCK 11/5/2010 | 407.25 | 74 | | 26.60 | |
| Spec. No. | Sub Item | Specification Item | | Unit Price | | Total Price | |
| | | PO# 1996 | | | | | |
| 1 | | Drydocking | | $ | - | $ | - |
| | | Haul Day | 1 | $ | 8,500.00 | $ | 8,500.00 |
| | | Haul Day OT/SUN | 55 | $ | 81.00 | $ | 4,455.00 |
| 2 | | Lay day | 18 | $ | 2,000.00 | $ | 36,000.00 |
| | | Building Blocks OT/Sat | 45 | $ | 67.00 | $ | 3,015.00 |
| 3 | | Services | | $ | - | $ | - |
| | | Line handlers | 2 | $ | 1,800.00 | $ | 3,600.00 |
| | | Line handlers OT | 88 | $ | 67.00 | $ | 5,896.00 |
| | | Gangway | 1 | $ | 600.00 | $ | 600.00 |
| | | Crane Service OT/SUN | 6 | $ | 349.00 | $ | 2,094.00 |
| | | Fork Truck | 2 | $ | 175.00 | $ | 350.00 |
| | | Pumping tank | 30 | $ | 56.00 | $ | 1,680.00 |
| 4 | | Special Services | | $ | - | $ | - |
| | | Marine Chemist | 2 | $ | 775.00 | $ | 1,550.00 |
| | | Competent Person | 17 | $ | 300.00 | $ | 5,100.00 |
| 5 | | Steel Repair Per Field Survey Report | 1 | $ | 59,534.80 | $ | 59,534.80 |
| 6 | | Tank Testing | 1 | $ | 675.00 | $ | 675.00 |
| | | | 1 | $ | - | $ | - |
| | | Material and Consuables Cost Plus 20 | | $ | 3,200.00 | $ | - |
| | | | | | Total: | $ | 133,049.80 |