**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

GMD SHIPYARD CORP.,                                  :

                     Plaintiff,          :

                         :

        - against -                                 :

                         :

NACIREMA ENVIRONMENTAL SERVICE        :
COMPANY INC., ET AL.,                                    :

                         :

              Defendant.          :

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: **5/24/12**

11 Civ. 1631 (RMB) (THK)

**ORDER**

## I.    Background

On October 24, 2011, the Court entered a default judgment against Nacirema Environmental Service Company ("Nacirema"), a barge charterer, and the barge Bulldog ("Barge"), for having failed to answer the claim for indemnification by the owner of the Barge, Sterling Equipment, Inc. ("Sterling"), relating to Nacirema's alleged breach of the charter agreement between Sterling and Nacirema, dated September 29, 2009 ("Charter Agreement"). (Default J., dated Oct. 24, 2011, at 1; Claimant's Ans. and Cross-Claims, dated April 20, 2011, ¶ 42; see also Charter Agreement, ¶ 4.)

On March 13, 2012, United States Magistrate Judge Theodore H. Katz, to whom this matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that judgment be entered against Nacirema and in favor of Sterling in the amount of $53,437.67 covering charter hire fees, interest, attorneys' fees, and costs. This amount reflected a "credit" of $32,662.50 in favor of Nacirema because Sterling had received a bond in that amount from Nacirema as "partial settlement of Sterling's claim against Nacirema for outstanding charter hire." (Letter from Brad Gandrup, dated Jan. 23, 2012; Report at 7.)

The Report advised that "the parties shall have fourteen days from service of this Report to file written objections." (Report at 8.) Neither party has filed objections to the Report.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.   Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); DeLeon v. Strack, 234 F.3d 84, 86–87 (2d Cir. 2000); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of a magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLeon, 234 F.3d at 86–87.

## III.   Analysis

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The facts set forth in the Report are incorporated herein by reference unless otherwise noted.

Judge Katz concluded that Nacirema was liable to Sterling for charter-hire fees plus interest in the total amount of $50,409.02 for "the period from August 2010, when the first charter payment became past due, through August 2011," pursuant to Section IV of the Charter Agreement. (Report at 4–5; Decl. of Mark Quinn in Supp. of Mot. for Default J., dated September 14, 2011, "Quinn Decl. ¶¶ 14–17); see also FedEx Techconnect, Inc. v. Surplus R Us Inc., No. 11 Civ. 2591, 2011 U.S. Dist. LEXIS 149982, at *6–7 (E.D.N.Y. Dec. 9, 2011).

And, after reviewing the Declaration of Bradley F. Gandrup in Support of Claimant's Motion for Default Judgment ("Gandrup Decl."), dated November 21, 2011, and the Charter Agreement, Judge Katz also concluded that Sterling was entitled to attorneys' fees in the amount

of $35,691.15 because "the Charter Agreement provides that Nacirema shall be liable for all costs of collection and enforcement incurred by Sterling, including attorneys' fees and expenses." (Report at 5.) Judge Katz calculated the fees owed to Plaintiff based on, among other things, "a description of the work its attorneys performed in enforcing the Charter Agreement" and disbursement summaries for each of the three attorneys on the case. (Report at 5–7; See Gandrup Decl.; Disbursement Summary, dated Jul. 8, 2011, Jul. 10, 2011, Aug. 19, 2011); see also Baruch v. Healthcare Receivable Mgmt., No. 05 Civ. 5392, U.S. Dist. LEXIS 80429, at *15–16 (E.D.N.Y. October 30, 2007).

## IV.   Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety. The Clerk of Court is respectfully requested to enter judgment in favor of Sterling against Nacirema in the amount of $53,437.67 for unpaid charter hire fees, interest, attorneys' fees, and costs. The Clerk of Court is further directed to close this case.

Dated: May 24, 2012
New York, New York

_RICHARD M. BERMAN, U.S.D.J._

3